UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANER VALENCIA CORTES, | ) |
| | ) CASE NO. C12-1136-MJP-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| ICE FIELD OFFICE DIRECTOR, | ) |
| | ) |
| Respondent. | ) |
| | ) |

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Janer Valencia Cortes has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking either supervised release or a bond hearing. (Dkt. 1.) Respondent has filed a Return and Motion to Dismiss, indicating that petitioner was afforded a bond hearing before an Immigration Judge who granted petitioner release on bond of $10,000. (Dkt. 9.) Respondent argues the petition is, therefore, moot and should be dismissed. Respondent further contends that the Immigration Judge's bond determination is not subject to judicial review.

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Columbia who entered the United States in November 2006 without inspection by an immigration officer. (Administrative Record ("AR") at L11, L376, L433.) On October 10, 2011, petitioner attempted to enter Canada to apply for asylum, but was denied entry and returned to the United States. (AR L17-31, L433.) On October 10, 2011, ICE served petitioner with a Notice to Appear, charging him as removable from the United States for being present in the United States without being admitted or paroled by an immigration officer. (AR L10-11.)

On December 23, 2011, an Immigration Judge ("IJ") denied petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed from the United States to Columbia. (AR L103, L354-77.) Petitioner filed an appeal of the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on April 12, 2012. (AR L246-51, L380-82.) Petitioner then filed a petition for review and a motion for stay of removal with the Ninth Circuit Court of Appeals. The Ninth Circuit granted petitioner's motion for stay of removal pending review. *See Cortes v. Holder*, No. 12-71215 (9th Cir. April 20, 2012). His petition for review remains pending.

On May 24, 2012, petitioner received a bond redetermination hearing before an IJ, who granted him release under bond of $10,000. (AR L437.) Petitioner appealed the IJ's decision to the BIA. (AR L451-53.) On June 8, 2012, the IJ issued a memorandum decision,

indicating that she did not find petitioner was a danger to the community, but found he was a flight risk and set bond at $10,000.  (AR L448.)

Petitioner filed the instant habeas petition on July 2, 2012, challenging the lawfulness of his detention since October 10, 2011.  (Dkt. 1.)  On August 8, 2012, respondent filed a timely Return and Motion to Dismiss.[1]  (Dkt. 9.)  Although the docket does not reflect that petitioner filed a response, the government submitted a copy of petitioner's response along with its reply on August 31, 2012.  (Dkt. 11, Ex. 1.)

### III.   DISCUSSION

In *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008), and *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065-66 (9th Cir. 2008), the Ninth Circuit held that aliens facing prolonged detention while their petitions for review are pending are entitled to a bond hearing before a neutral immigration judge and are entitled to be released from detention unless the government establishes they pose a flight risk or a danger to the community.  *See also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Diouf v. Mukasey*, 634 F.3d 1081, 1085-86 (9th Cir. 20011) (extending *Casas-Castrillon* to aliens detained under 8 U.S.C. § 1231).  The Ninth Circuit further held that "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond at a *Casas* hearing."  *See Singh*, 638 F.3d at 1203.

In the present case, the record shows that petitioner received an individualized bond

---

[1] Petitioner asserts that respondent's Return and Motion to Dismiss was three days late. (Dkt. 11, Ex. A at 2.)  However, as respondent notes, the Court's Order for Service and for Return and Status Report was served upon the United States Attorney's Office by certified mail and received on July 9, 2012.  (Dkt. 7.)  The Return and Motion to Dismiss was filed and served on August 8, 2012, 30 days later.  (Dkt. 9.)  Accordingly, respondent's Return and Motion to Dismiss was timely filed.

hearing before a neutral IJ on May 24, 2012.  (AR L437, L440-42.)  Additionally, petitioner exercised his right to appeal the IJ's bond decision to the BIA.  (AR L451-53.)  Therefore, petitioner has received all of the benefits of due process to which he is entitled.  *See Prieto-Romero*, 534 F.3d at 1066 (holding that an alien's procedural due process rights are satisfied once the alien receives a bond hearing before an Immigration Judge).

Petitioner argues that the bond amount set by the IJ is too large for him to pay.  However, the Court is without jurisdiction to review the IJ's discretionary bond determination under Section 1226(e).  That Section provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).  An "alien may appeal the IJ's bond decision to the BIA, see 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)."  *Prieto-Romero*, 534 F.3d at 1058.  Although the Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority, petitioner's case presents nothing more than a challenge to the IJ's discretionary judgment and does not license this Court to review the decision to deny bond.  As the petitioner fails to articulate any constitutional or statutory claim with regards to the IJ's bond determination, the Court agrees with respondent that this claim should be dismissed for lack of subject matter jurisdiction.

IV.   CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's Petition for Writ of

01  Habeas Corpus (Dkt. 1) be DENIED, respondent's Return and Motion to Dismiss (Dkt. 9) be

02  GRANTED, and this matter be dismissed with prejudice.   A proposed order accompanies this

03  Report and Recommendation.

04          DATED this 18th day of September, 2012.

                                                    _____
                                                    Mary Alice Theiler
                                                    United States Magistrate Judge